IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FRANKIE BRETON,

            Plaintiff,

against

CITY OF NEW YORK, et al.,

            Defendant.

CIVIL ACTION NO.: 17 Civ. 9247 (JGK) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

Plaintiff moved for a Local Civil Rule 37.2 Conference to resolve a non-party discovery dispute. (ECF No. 55 at 1). Plaintiff seeks to compel Non-party New York County District Attorney's ("NYCDA") production of (1) a two-page email from the assigned prosecutor to her supervisor in the underlying criminal prosecution relating to this civil action, summarizing the investigation and evaluating the case; and (2) two Calendar Notes from the prosecutor to two other prosecutors handling two court appearances in the criminal case on her behalf, including handwritten notes taken during calendar call. (ECF No. 55 at 2; ECF No. 59 at 1). For the reasons set forth below, the motion is denied.

The work product privilege protects "materials prepared by or at the behest of counsel in anticipation of litigation or for trial." Vazquez v. City of New York, 2014 U.S. Dist. LEXIS 160270, at *2 (S.D.N.Y. Nov. 14, 2014) (internal citations omitted). Work product includes "the mental impressions of an attorney" reflected in many "tangible and intangible ways," including statements, memoranda, and correspondence. Hickman v. Taylor, 329 U.S. 495, 510–11 (1947).

Work product is either factual or "core." Abdell v. City of New York, No. 05 Civ. 8453 (KMK)(JCF), 2006 WL 2664313, at *6 (S.D.N.Y. Sept. 14, 2006). Core work product includes the "mental impressions, conclusions, opinions or legal theories of an attorney." Id. (quoting Fed. R. Civ. P. 26(b)(3)(B)); see United States v. Jacques Dessange, Inc., 2000 U.S. Dist. LEXIS 3734, at *11 (S.D.N.Y. 2000) (identifying a memo summarizing witness statements and recommending trial strategy as "opinion work product that deserve protection beyond that accorded to factual material").

The work product doctrine applies to a non-party who "has a continuing interest in the matters in dispute here that provides a sufficient basis for protecting their work product." Jean v. City of New York, 2010 U.S. Dist. LEXIS 2282, at *6–7 (E.D.N.Y. Jan. 12, 2010); see Bellamy v. City of New York, 2015 U.S. Dist. LEXIS 67366, at *2 (E.D.N.Y. May 22, 2015) (finding that "the conduct of the Queens District Attorney form[ed] the basis of some of the claims for which the plaintiff [sought] to hold the City of New York liable, and in that sense that office ha[d] the same interest as if they were a party in [the civil] case"). The doctrine's rationale exists even if a "further prosecution of the plaintiff cannot be maintained." Bellamy, 2015 U.S. Dist. LEXIS 67366, at *2–3.

To obtain production of material classified as work product, the movant must show that he has a "substantial need for the materials to prepare [his] case and cannot, without undue hardship obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Once a showing of substantial need is made, factual work product is subject to disclosure, but in the Second Circuit, core work product is entitled to what some courts describe as absolute protection, unless a "highly persuasive showing [of need] is made." Jean, 2010 U.S. Dist. LEXIS

2282, at *5–6 (quoting In re Grand Jury Proceedings, 219 F.3d 175, 190–91 (2000)); see Upjohn Co. v. United States, 449 U.S. 383, 401–02 (1981) (holding that opinion work product is generally not discoverable).

The email and calendar notes constitute attorney work product. The email was prepared by the prosecuting attorney to analyze the criminal case and decide whether to proceed. (ECF No. 59 at 1). The calendar notes consist of instructions from one attorney to others regarding how to proceed at appearances in the criminal case. (ECF No. 59 at 3). Both document categories include the attorney's mental impressions of the case, making them "core" work product. Abdell, 2006 WL 2664313, at *6. The work product doctrine extends to NYCDA because that office has a continuing interest in this matter, in which the same conduct in the underlying criminal case prosecuted by NYCDA "forms the basis of [] the claims for which the plaintiff seeks to hold the City of New York liable." Bellamy, 2015 U.S. Dist. LEXIS 67366, at *2.

Plaintiff argues that he "has sufficient need and there is no other way to obtain the material." (ECF No. 62 at 1). He also cites Vazquez's holding that "in cases of alleged misconduct, plaintiffs have a substantial need to discover statements that officers made to prosecutors" and "courts have ordered disclosure even where . . . the relevant materials were not created in connection with the initial investigation or prosecution, but in later reinvestigation." Vazquez, 2014 U.S. Dist. LEXIS 160270, at *5. He does not elaborate on why he needs the documents, nor does Vazquez support his position because there is no suggestion that the email or the calendar notes contain any statements from officers to prosecutors. Therefore, Plaintiff has not shown that he has a substantial need for the documents.

3

Plaintiff also argues that the calendar notes were "read aloud in open court." (ECF No. 62 at 1). NYCDA counters that the notes were not read aloud, but even if they were, Plaintiff can order the transcripts and access the information that way. (ECF No. 59 at 3). Plaintiff has not ordered the transcripts or explained why he cannot do so. (Id.) Based on his own contention that the calendar notes were read aloud in open court, Plaintiff can "without undue hardship, obtain their equivalent by other means," that is, by ordering the transcripts. Fed. R. Civ. P. 26(b)(3)(A)(ii).

Accordingly, for the reasons set forth above, Plaintiff's Letter-Motion for a Conference is denied. The Clerk of Court is respectfully directed to close ECF No. 55.

Dated: New York, New York
November 1, 2019

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge